**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Don G. ANDERSON and Beverly I.
Anderson, Defendants-Appellants.**

**No. 75–1839.**

United States Court of Appeals,
Ninth Circuit.

Sept. 16, 1976.

Rehearing Denied Feb. 10, 1977.

Don G. Anderson, pro se.

Carroll D. Gray, Asst. U. S. Atty. (argued), Spokane, Wash., for plaintiff-appellee.

Before CHAMBERS, MOORE,* and DUNIWAY, Circuit Judges.

PER CURIAM:

Appellants in May 1962, obtained a loan from the Farmers Home Administration for the purpose of purchasing and developing 189 acres of land in the Columbia Basin Irrigation Project. At that time, the federal government was the only source from which the money could be obtained. The interest rate on the loan was 5% and the market rate on such loans was 5¾% to 6%. The appellants executed a promissory note and a real estate mortgage agreement. Included in the mortgage agreement was a provision that stated:

> If at any time it shall appear to the Government that the Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans of similar purposes and periods of time, the Borrower will, upon

* The Honorable Leonard P. Moore, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

By letters of March 8, 1973, and July 13, 1973, the government informed the appellants that it had determined that the loan could be refinanced and requested that they do so. The appellants determined that they could borrow money to refinance the loan but only at the then prevailing market rate of 8½% to 9%. The appellants therefore refused to refinance. On February 19, 1974, the government notified the appellants that it had exercised its option under the agreement to accelerate the indebtedness and that the entire amount was then due and owing. The government filed suit in federal district court to foreclose the mortgage. On cross motions for summary judgment, the district court granted judgment to the government.

The parties concede that the appellants could have borrowed the money to refinance the loan. Appellants argue, however, that they are not required to do so under the contract since loans obtainable would have been at the then current market rate of 8½% to 9%, while the loan from the government was at 5%. The basis of this contention is that the higher rates, which were also higher than the market rates prevailing at the time they obtained the government loan, were not reasonable within the meaning of the agreement.

The refinancing provision of the agreement is required by and modeled after 7 U.S.C. § 1983(c). The statute contains no explanation of what is meant by reasonable terms and rates. Regulations promulgated pursuant to this section define the reasonableness requirement as follows:

Reasonable rates and terms are considered as being those rates and terms which other farmers or rural residents are expected to meet when borrowing for similar purposes and periods of time from responsible lenders in the area. 7 C.F.R. § 1865.2.

We find this regulation to be consistent with the purpose and intent of 7 U.S.C. § 1983. *See* S.Rep. No. 566, 87 Cong., 1st Sess., as reported in 1961 U.S.Code, Cong. & Admin.News, pp. 2243, 2307; *cf.* H.Rep. 1635, 90 Cong., 2d Sess., as reported in 1968 U.S.Code, Cong. & Admin.News, pp. 3360, 3363. As applied here, it would require a borrower to refinance when he can obtain a loan from a reasonable lender at the rates and under the terms *then* generally prevailing within the area for loans of similar type and purpose. It is undisputed that appellants could have obtained a loan at market rates and terms when the government requested refinancing. The failure to do so on request of the government was a breach of the agreement and justifies the summary judgment for the appellee. The judgment of the district court is affirmed.